# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA


MARK S. HUGHES, )
)
          Petitioner, )
v. )     No. 1:10-cv-1420-LJM-TAB
)
CRAIG HANKS, )
)
          Respondent. )


# E N T R Y

## I.

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). Habeas petitioner Hughes' motion to alter or amend the judgment (dkt 8) does not rest on any of these grounds and is therefore **denied** insofar as it is understood as resting on Rule 59(e) of the *Federal Rules of Civil Procedure*.

## II.

Hughes may have mislabeled his post-judgment motion. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

"Rule 60 regulates the procedures by which a party may obtain relief from a final judgment." 11 Charles Alan Wright and Andrew D. Liepold, **Federal Practice and Procedure** § 2851 (4th ed. 2008). "A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994).

Hughes' post-judgment motion recites that he did not receive certain court rulings directing him to make additional filings containing information which would have permitted the court to conduct the review required by Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* This may suggest mistake, inadvertence, excusable neglect. However, in order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982).

Because the post-judgment motion does not supply the materials and information previously directed, Hughes fails to show that there is a meritorious habeas claim which could go forward. Accordingly, that motion (dkt 8) is **denied** insofar as it could also be understood as asserting a basis for relief pursuant to Rule 60(b).

### III.

In further contemplation of the discussion in Part II of this Entry, it may be that Hughes still lacks the actual orders to which his post-judgment motion makes reference. Accordingly, the clerk shall **include with Hughes' copy of this Entry** a copy of the following materials: (1) a copy of the docket sheet; (2) a copy of each of the rulings issued after the habeas petition was filed with the clerk on November 5, 2010.

### IV.

Based on the rulings in Parts I and II of this Entry, Hughes' request for the appointment of counsel is **also denied** insofar as it can be understood as seeking such action.

**IT IS SO ORDERED.**

Date: 01/10/2011

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mark S. Hughes
DOC #894549
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362